# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                    **CASE NO: 6:13-cr-237-Orl-31KRS**

**JASON LYDELL ORR**

## ORDER

This cause is before the Court with oral argument and evidentiary hearing on the following motion filed herein:

> **MOTION:** MOTION IN LIMINE (Doc. 31)
>
> **FILED:** December 17, 2013
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In his Motion in Limine and in oral argument before the Court (Doc. 31), the Defendant argued that the United States' DNA expert Tiffany A. Roy and the DNA evidence should be excluded from trial pursuant to Federal Rules of Evidence 702 and 403. In this felon in possession of a firearm case, DNA that purportedly matches the Defendant's was collected from a firearm. Ms. Roy's expected testimony is that she received samples from law enforcement, tested them to obtain a DNA profile, compared them to a DNA profile known to have come from the Defendant, and determined with a high degree of certainty that the profiles matched.

Defense counsel agreed that Ms. Roy was a qualified expert and that he was not questioning the scientific procedures she employed or the underlying science of DNA testing. Rather he sought to exclude the evidence based on relevance and whether it would assist the trier of fact due to Ms. Roy's lack of certain knowledge, e.g. the source of the biological sample that contained the DNA;

how long it had been on the firearm; or how the DNA was transferred to the firearm, such as through direct contact, contact through a third-party who had contacted the Defendant, or contact through a secondary object that the Defendant had contacted. These issues, however, address the weight of the DNA evidence, rather than its admissibility. *See United States v. Bonds*, 12 F.3d 540, 563 (6th Cir. 1993) ("[T]he criticisms about the specific application of the procedure used or questions about the accuracy of the [DNA] test results do not render the scientific theory and methodology invalid or destroy their general acceptance. These questions go to the weight of the evidence, not the admissibility."); *United States v. Williams*, 06-CR-20411, 2010 WL 188233, at *3 (E.D. Mich. Jan. 15, 2010) (admitting DNA evidence with two out of thirteen loci match and stating "Defendant's argument goes to the weight, not the admissibility of the evidence. DNA analysis, as with most scientific inquiries, is about probabilities, not absolutes.").

It is therefore **ORDERED** that the Defendant's Motion (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant